IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **THE JOHNS LAW FIRM, LLC** § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **ANGELA PAWLIK** § <br> Defendant, § <br> § <br> **AND** § <br> § <br> **JOHNS LAW FIRM AND JEREMIAH** § <br> **JOHNS** § <br> Defendant. § | | **CASE NO. 7:22-cv-110** |

## DEFENDANT'S NOTICE OF REMOVAL

TO: Clerk of the U.S. District Court for the Western District of Texas

PLEASE TAKE NOTICE THAT Defendants Angela Pawlik ("Pawlik"), Jeremiah Johns ("Johns"), and Johns Law Firm, PLLC ("JLF") hereby remove to this Court the state court action described herein, pursuant to 28 USC §§ 1332, 1441, 1446, and 1447. Pursuant to this Court's Local Rules, copies of this Notice of Removal a are being served on all parties at the addresses listed in Plaintiff's state court complaint and are being with the 164th District Court in the State of Texas, Harris County.

## INTRODUCTION

1. On April 19, 2022, Plaintiff, The Johns Law Firm, LLC ("TJLF") filed *Plaintiff's Application for Pre-Judgment Garnishment* in the 164th District Court of Harris County, Texas, styled as *The Johns Law Firm, LLC v. Angela Pawlik*, et al Case No. 2022-23448A (the "State Court Action").

1

2. TJLF is a Louisiana law firm that has two members – Donovan Francis and Tony Hernandez. Both Francis and Hernandez are domiciled in the State of Louisiana. Upon information and belief, at no point in time has TJLF been registered with the Texas Secretary of State to conduct business in the State of Texas.

3. Angela Pawlik is a resident and domiciliary of Lubbock County, Texas.

4. Jeremiah Johns is a resident and domiciliary of Harris County, Texas.

5. Johns Law Firm, PLLC is a Texas limited liability company that is solely owned by Johns.

6. The State Court Action concerns TJLF's claim for attorney's fees and costs against Pawlik pursuant to a Representation Agreement (the "Agreement") that Pawlik entered into on May 8, 2020. The Agreement contemplated that TJLF would represent Pawlik in a case before the Western District of Texas, Midland-Odessa Division, styled as *Primerica Life Insurance Company v. Angela Pawlik, et al.*, Case No. 7:20-cv-00063 (the "Underlying Matter").

7. The only attorney contact Pawlik had at TJLF was Jeremiah Johns ("Johns").

8. Johns and an associate attorney, Blair Brogan, enrolled as counsel in the case.

9. On October 28, 2020, Hernandez, Francis, and Brogan registered a new law firm with Louisiana Secretary of State called Brogan, Francis, Hernandez, LLC ("BFH" or "BFH Law").

10. On October 29, 2020, Hernandez and Francis withdrew $108,000.00 from TJLF's accounts to fund BFH without providing prior notice to Johns.

11. Hernandez and Francis then informed Johns that he was being removed as a manager of TJLF even though they had started a competing law firm.

12. After removing Johns as manager, Hernandez told Johns that he had no cases and was not permitted to email clients.

13. Hernandez and Francis disabled Johns' access to the business telephone and cell phone service that he used to communicate with clients in an effort to prevent Johns from communicating with clients.

14. On November 17, 2020, Hernandez stated in an email to Brogan (with Johns copied) that she could remove Johns as lead counsel from any case she desired in an effort to prevent Johns from representing clients he had an attorney-client relationship with.

15. Hernandez also threatened in writing to file a bar complaint against Johns if he communicated with clients.

16. On November 30, 2020, Johns issued a notice of his withdrawal from TJLF due to the outrageous and unethical behavior of Hernandez and Francis.

17. On November 30, 2020, Brogan filed a Motion to Withdraw from the Pawlik matter without providing notice to Johns.

18. At the time Brogan withdrew from the case, no other attorney at TJLF was registered with Western District of Texas. Moreover, the only other Texas-licensed attorney – Hernandez – had at that point in time never taken a deposition, had engaged in a clear pattern of unethical and criminal conduct, depleted TJLF's bank accounts, and had begun working for a new law firm – BFH. Hernandez became registered with the Western District of Texas on April 19, 2021.

19. No person at TJLF communicated with Pawlik in any capacity following Brogan's November 30, 2020, withdrawal from the case.

20. At no point in time has Palwik ever communicated with Hernandez or Francis. Nor have Hernandez or Francis ever attempted to communicate with Pawlik.

21. After Brogan's withdrawal and TJLF's abandonment of her as a client, Pawlik ultimately signed an agreement for her case to be transferred to Johns' new law firm – Johns Law Firm, PLLC ("JLF").

22. The reason Pawlik signed the agreement to transfer her case was because TJLF had abandoned the case and engaged in a series of troubling behavior and made clear attempts to prevent her from communicating with her attorney after Hernandez, Francis, and Brogan had formed a new competing law firm.

23. Pawlik is also aware that Hernandez, Brogan, and/or Francis engaged in the following actions:

    a. Left handwritten notes at clients' homes untruthfully claiming that Johns had failed to disclose settlement offers.

    b. Hacked into Johns' email account.

    c. Sent text messages to Johns claiming they had found nude photographs of his wife.

    d. After Johns withdrew from TJLF, Hernandez hacked into Johns' private VOIP telephone and text account Johns used to communicate with clients. Hernandez destroyed data and accessed confidential client communications. Hernandez admitted to hacking into the account and a criminal complaint was filed by Johns.

24. Pursuant to his ethical duties, Johns kept Pawlik informed of the turmoil at TJLF.

25. Throughout the Underlying Matter, Johns represented Pawlik in a diligent and professional manner.

26. Johns took the depositions of multiple fact witnesses. Johns defended Pawlik's deposition and completed written discovery. Johns filed and responded to numerous motions. Johns conducted a mediation and prepared for trial, filed pre-trial motions, and prepared jury instructions. Johns also filed a Notice of Appeal and began preparation for an appeal. Through Johns' efforts, he ultimately obtained a settlement of $850,000.00 (plus accrued interest) of the one-million-dollar death benefit. The remaining $150,000.00 was to be held in trust for Pawlik's children.

27. On September 10, 2021, a *Stipulation of Dismissal* was filed into the record along with a *Motion to Disburse Funds from the Court's Registry* in accordance with the settlement agreement.

28. Several hours after the *Stipulation of Dismissal* was filed into the record, TJLF filed a *Motion for Leave to Intervene* to assert a fee and cost claim. In the Motion, TJLF knowingly made the following untruthful representations to the Court:

    a. That TJLF had worked on Pawlik's case for 22 months when, in reality, the case was with TJLF for approximately 6-months.

    b. That TJLF had incurred thousands in costs on Pawlik's behalf when, in reality, it has failed to present any evidence of costs incurred because no costs were incurred prior to the file transfer.

    c. That Johns had breached an agreement with TJLF to protect TJLF's fee interest several days before it filed its *Motion for Leave to Intervene* and that was the reason it attempted to intervene when it did. In reality, Bill Davidoff, counsel for Primerica Life Insurance Company, emailed Hernandez several hours prior to TJLF filing its Motion to Intervene to inform

him the case had settled. Only then, did TJLF decide to attempt to intervene in the case. TJLF has been asked to produce evidence of the so called agreement and has failed to do so.

29. On April 4, 2022, Judge Counts issued an Order denying TJLF's *Motion for Leave to Intervene* on the grounds that the Motion was untimely.

30. On April 6, 2022, Judge Counts issued an Order denying TJLF's *Motion to Stay of Disbursal of Registry Funds*

*31.* On April 6, 2022, TJLF filed a *Notice of Appeal* asserting that Judge Counts abused his discretion by denying the *Motion for Leave to Intervene.*

32. On April 19, 2022, TJLF filed the State Court Action in Houston, Texas in which it demands as damages an attorney fee of 40% of Pawlik's total recovery in the Underlying Case. These are the same damages it sought through intervention.

## **BASIS FOR REMOVAL**

**I.    Removal is Proper Because this Court has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332 and the Amount in Controversy Exceeds $75,000.00**

33. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

34. At the time this action was commenced, Plaintiff, a Louisiana-registered limited liability company, had two members – Francis and Hernandez – who are both citizens and domiciliaries of the State of Louisiana.

35. At the time this action was commenced, Defendant, Pawlik, was and is a resident, citizen, and domiciliary of Lubbock County, Texas.

36. At the time this action was commenced, Defendant, Jeremiah Johns, was and is a resident, citizen, and domiciliary of Harris County, Texas.

37. At the time this action was commenced, Defendant, Johns Law Firm, PLLC, was and is a Texas limited liability company solely owned by Johns.

38. Plaintiff's Application for Writ of Pre-Judgment Garnishment clearly states that it is seeking possession of $340,000.00 in property that it does not have a valid legal claim to and is an amount that is certainly in dispute.

39. Pawlik, Johns, and TJF intends to consolidate this case with the Underlying Matter, which is currently being appealed. In addition, on April 19, 2022, Plaintiff filed an Original Petition against Pawlik claiming damages of $340,000.00. The Original Petition is also being removed to the Western District of Texas where Pawlik will seek consolidation with the Underlying Matter.

## **REMOVAL IS PROCEDURALLY CORRECT**

40. Plaintiff commenced this action on April 19, 2022; however, a copy of the Citation and Original Petition has not served on Pawlik, Johns, or JLF. Pawlik, Johns, and JLF waive service.

41. This Notice of Removal is filed within the thirty-day statutory time period for removal. 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and other filings in the State Court Action are attached to this Notice. Copies of the pleadings filed in the State Court Action, prior to this Notice of Removal are as follows Exhibits "A" (Plaintiff's Application for Pre-Judgment Garnishment), "B" (Exhibit 1), "C" (Exhibit 2), "D" (Exhibit 3), "E" (Proposed Order), "F" (Citation to Johns), "G" (Citation to JF), and "H" (Notice of Submission).

42. Venue is proper in Western District of Texas under 28 U.S.C. 1391(b)(2) and 1446(a) because this district and division embrace the place of the Underlying Matter that forms the basis of Plaintiff's claims, is the venue that Plaintiff has raised the exact same or similar claims against Plaintiff in the past, and is the location where the legal representation that forms the basis of Plaintiff's claims occurred.

43. Pursuant to 28 U.S.C. 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to Plaintiff and will file a notice with the Clerk of the 164th Judicial District Court for Harris County, Texas.

Respectfully submitted,

By: */s/ Jeremiah Johns*
Jeremiah N. Johns
State Bar No. 24108002
jnjohns@johnsfirm.com

**JOHNS LAW FIRM, PLLC**
1001 Texas Avenue, Suite 580
Houston, TX 77002
Tel: 832.410.4381
Fax: 866.200.2747

ATTORNEY FOR ANGELA PAWLIK AND PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, a copy of the foregoing has been served on all counsel of record via email to brian@htx-law.com and by Certified Mail, Return Receipt Requested to:

Brian S. Humphrey II
TC Energy Center
700 Louisiana, Suite 3950
Houston, TX 77002

*/s/ Jeremiah Johns*
Jeremiah Johns